UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

PATRICIA MERCURIO,                          )          CASE NO.  3:05 CV 7098
                                            )
        Plaintiff,                          )
                                            )          JUDGE DAVID A. KATZ
        vs.                                 )
                                            )
CITIBANK (SOUTH DAKOTA),N.A.                )
                                            )          MEMORANDUM OF OPINION
        Defendant.                          )          AND ORDER
                                            )

On March 14, 2005, plaintiff pro se Patricia Mercurio filed the above-captioned "Petition to Confirm Arbitration Award" against defendant Citibank (South Dakota), N.A., "domicile unknown." Ms. Mercurio, a resident of Lucas County, Ohio, seeks confirmation of an arbitration award against Citibank pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9.  In her prayer for relief, she requests a "[m]odification of the award from a monetary amount of $14,798.00 to a zero balance." (Compl. at 7.)

*Background*

The arbitration award for which Ms. Mercurio seeks this court's confirmation was issued by Solomon Arbitration Group, Inc. (SAG) on July 27, 2004.  In her complaint before this court, she focuses on the failure of Citibank to postpone the SAG arbitration hearing, challenge the jurisdiction of the forum, present any evidence on its behalf or contradict the evidence she presented.  In addition,

it is Ms.  Mercurio's opinion that the arbitration award was not obtained by "corruption, fraud, or undue means;" "evident partiality or corruption in the arbitrator;" misconduct by the arbitrator; or by the arbitrator exceeding his powers.[1]

Although the complaint fails to allege any relevant facts regarding the events which entitled Ms. Mercurio's to seek confirmation of an arbitration award with SAG, the attachments to the complaint reveal that she entered into what she describes as a Credit Card Member Agreement (hereinafter "Agreement") with Citibank on an undisclosed date.[2]  The Agreement, which is titled "Card

---

[1]      Ms. Mercurio's assertions regarding SAG's conduct during arbitration are a direct reference to issues that would arise in a potential motion to vacate an arbitration award, as follows:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)(2).

[2]      In the arbitration "Award" allegedly issued by Solomon Arbitration Group, the arbitrator indicated that Ms. Mercurio entered into an agreement with Citibank on May 18, 2004 to resolve disputes through arbitration.

Agreement," contains an arbitration provision wherein the parties agreed that any disputes may be resolved by arbitration. (Pl.'s Attach., Agreement at 10.)  The Agreement directs that any party filing arbitration "must choose" one of the following three arbitration firms and follow its relevant rules and procedures: American Arbitration Association, JAMS, and the National Arbitration Forum.  (Pl.'s Attach., Agreement at 11.)  Further, the parties agreed that "[a] final and binding award is subject to judicial review and enforcement as provided by the FAA or other applicable law." (Pl.'s Attach., Agreement at 13.)

In a letter to Citibank, dated March 29, 2004, Ms. Mercurio disputed the "validity of the indebtedness" on her credit card account.  She requested a "verified copy" of the original contract for the account and a "verified copy of the complete set of original bookkeeping entries including any ledger and accounting entries related to the above referenced account."  (Pl.'s Attach., Letter from Mercurio to Citibank of 3/29/04.)  Ms. Mercurio posed several other questions to Citibank and "required" an answer within thirty days of the date of the letter.

In an unsigned letter attached to the complaint, dated June 16, 2004 and drafted on the letterhead of SAG, both Citibank and Ms. Mercurio are notified that "a demand for binding arbitration" was filed against Citibank by Ms. Mercurio on the same date.  The letter further explains that SAG, a Montana State corporation, was selected by Ms. Mercurio to "hear and decide this matter."  (Pl.'s Attach., Letter from SAG to Mercurio and Citibank of 6/16/04.)

In a cover letter dated July 27, 2004, SAG notified Ms. Mercurio and Citibank that a copy of the arbitration "Award, which has been entered in this matter" was enclosed. (Letter from SAG to Mercurio and Citibank of 7/27/04.) The Award included the arbitrator's "findings" that Citibank

3

failed to answer or appear, and that all evidence and arguments submitted by Ms. Mercurio support "[a]n Award by default in favor of Claimant, in the amount of $14,798.00, represented as a cleared balance on the stated account, and reasonable associated costs of resolution, in a total amount of $1,500.00, with interest accruing at 12 percent per year beginning 30 days from the date of this award and . . ." (Pl.'s Attach., Letter from SAG to Mercurio and Citibank of 7/27/04, "Award" at 1.)

        In her complaint before this court, Ms. Mercurio asserts this court's jurisdiction based solely on 9 U.S.C. § 9, and seeks confirmation, enforcement and "modification" of the arbitration award issued by SAG.

## Standard of Review

        Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

## Lack of Subject Matter Jurisdiction

        Federal courts are always "under an independent obligation to examine their own

4

jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).  Based on the facts alleged, this court lacks subject matter jurisdiction over Ms. Mercurio's complaint.

In the text of section 9 of the FAA, it sets forth that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.  Therefore, the Act provides for the confirmation of an award by a court of an arbitration agreement, wherein the parties have agreed that a judgment of the court be entered upon the award made pursuant to the agreement.  Id. The FAA does not, however, confer federal jurisdiction by its own weight.  Ford v. Hamilton Investments, Inc., 29 F.3d 255, 257-59 (6th Cir.1994)(it is plain that the Federal Arbitration Act does not give rise to federal jurisdiction).               Before filing a complaint in federal court under the FAA, an independent jurisdictional basis, such as diversity jurisdiction, is required in confirmation proceedings under 9 U.S.C. § 9. See Smith Barney, Inc. v. Sarver, 108 F.3d 92, 94 (6th Cir. 1997)(the Sixth Circuit has made it clear that the Federal Arbitration Act does not supply an independent basis for federal jurisdiction, nor does the federal nature of the underlying claims that were submitted to arbitration); City of Detroit Pension Fund v. Prudential Securities Inc., 91 F.3d 26, 29 (6th Cir. 1996); Collins v. Blue Cross Blue Shield of Michigan, 103 F.3d 35, 37 (6th Cir.

1996)(neither the FAA nor the federal nature of an underlying arbitrated dispute provide federal question subject matter jurisdiction).  Ms. Mercurio has not asserted any independent basis for this court's jurisdiction over her FAA complaint, and the matter in controversy would clearly preclude jurisdiction based on diversity of citizenship.  <u>See</u> 28 U.S.C. §1332(a).  Notwithstanding the fact that this "SAG arbitration" reflects a direct and unresolved contradiction with the arbitration rules the parties agreed to under the terms of the arbitration clause in their Agreement,[3] and the fact that this is "an Award by default,"[4] this court lacks subject matter jurisdiction over the complaint.

Accordingly, this action is dismissed.  Further, the court certifies that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

---

[3]       In the arbitration clause contained in the Agreement between Ms. Mercurio and Citibank, it explicitly directs that the filing party must choose one of the following arbitration firms when filing an arbitration: American Arbitration Association, JAMS or National Arbitration Forum.  Moreover, the Agreement provided that "[t]he arbitration will follow procedures and rules of the arbitration firm in effect on the date the arbitration is filed unless those procedures and rules are inconsistent with this Agreement."  (Pl.'s Attach., Agreement at 12.)

[4]       If Ms. Mercurio chose one of the three arbitration firms required in her Agreement with Citibank, each is governed by a set of rules which do not provide for an arbitration award by default. <u>See</u> American Arbitration Association, Commercial Arbitration Rules, Section 29 (July 1, 2003)( "[a]n award <u>shall</u> <u>not</u> be made solely on the default of a party")(emphasis added); National Arbitration Forum (NAF) Code of Procedure, Part V, Rule 36("No Award or Order shall be issued against a Party solely because that Party failed to respond, appear or defend"); JAMS Comprehensive Arbitration Rules and Procedures, Rule 22(j)("Arbitrator may not render an Award solely on the basis of the default or absence of the Party, but shall require any Party seeking relief to submit such evidence as the Arbitrator may require for the rendering of an Award.")

[5]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

      s/   DAVID . KATZ 4/5/05
DAVID A. KATZ
UNITED STATES DISTRICT COURT

7